IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| TERRY A. RIGGLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:17-cv-00063 |
| ) | |
| HAROLD CLARKE, in his individual ) | |
| And official capacities and ) | |
| MARK AMONETTE, in his individual ) | |
| And official capacities, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS HAROLD CLARKE AND MARK AMONETTE, MD'S ANSWER TO PLAINTIFF'S COMPLAINT

Come now Defendants Harold Clarke and Mark Amonette, MD, (collectively "Defendants"), by counsel, and state as follows as their Answer to Plaintiff's Class Action Complaint for Equitable Relief Regarding Plaintiff and All Class Members and Compensatory Relief for Plaintiff Only (hereinafter "Complaint"):

1. Defendants deny the allegations contained in Paragraph titled "Introduction" and demand strict proof thereof.

2. The allegations contained in Paragraph 1 of Plaintiff's Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

3. The allegations contained in Paragraph 2 of Plaintiff's Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

4. With respect to the allegations contained in Paragraph 3 of Plaintiff's Complaint,

1

Defendants admit that Plaintiff was and is an offender incarcerated by the VDOC housed at Augusta Correctional Center and is infected with Hepatitis C.

 5. With respect to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Defendants admit that Harold Clarke is the Director of the VDOC and is responsible for the operation and administration of VDOC facilities. Defendants deny that they have not deliberately failed to treat inmates known to carry Hepatitis C infection and have not deliberately instituted a policy in which Hepatitis C inmates are denied treatment. The remaining allegations contained in Paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

 6. With respect to the allegations contained in Paragraph 5 of Plaintiff's Complaint, Defendants admit that Mark Amonette, MD, is the Chief Medical Director of the VDOC and is responsible for overseeing the delivery of medical services to the VDOC inmates. Defendants deny that they have not deliberately failed to treat inmates known to carry Hepatitis C infection and have not deliberately instituted a policy in which Hepatitis C inmates are denied treatment. The remaining allegations contained in Paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

 7. Upon information and belief, Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

 8. Upon information and belief, the Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

 9. Upon information and belief, the Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

10. Upon information and belief, the Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Complaint.

11. Upon information and belief, the Defendants admit the allegations contained in Paragraph 10 of Plaintiff's Complaint.

12. The Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint and demand strict proof thereof.

13. The Defendants have insufficient information with which to admit or deny the allegations contained in Paragraph 12 and therefore they are denied.

14. The Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint and demand strict proof thereof.

15. The Defendants have insufficient information with which to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore they are denied.

16. The Defendants have insufficient information to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore they are denied.

17. The Defendants have insufficient information to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore they are denied.

18. With respect to the allegations contained in Paragraph 17 of Plaintiff's Complaint The Defendants admit that direct acting antiviral drugs have been approved by the Federal Drug Administration for treatment of Hepatitis C infection.

19. The Defendants have insufficient information to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore they are denied.

20. The Defendants have insufficient information to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore they are denied.

21. The Defendants have insufficient information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore they are denied.

22. The Defendants have insufficient information to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore they are denied.

23. The Defendants have insufficient information to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore they are denied.

24. The Defendants have insufficient information to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint and therefore they are denied.

25. The Defendants have insufficient information to admit or deny the allegations contained in Paragraph 24 of Plaintiff's Complaint and therefore they are denied.

26. The allegations in Paragraph 25 of Plaintiff's Complaint are legal conclusions to which no response is required. To the extent a response is required, it is denied.

27. The Defendants have insufficient information with which to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint and therefore they are denied.

28. The Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint and demand strict proof thereof.

29. The Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint and demand strict proof thereof.

30. With respect to the allegations contained in Paragraph 29 of Plaintiff's Complaint, the Defendants admit that they treat all inmates with Hepatitis C in accordance with their treatment guidelines.  The Defendants deny the remaining allegations contained in Paragraph 29.

31. With respect to the allegations contained in Paragraph 30 of Plaintiff's Complaint,

the Defendants admit that they treat all inmates with Hepatitis C in accordance with their treatment guidelines. The Defendants deny the remaining allegations contained in Paragraph 30.

32. The Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint and demand strict proof thereof.

33. The Defendants admit that Plaintiff Riggleman did not meet the criteria for treatment of his hepatitis C. The Defendants have insufficient information with which to admit or deny the remaining allegations contained in Paragraph 32 and therefore they are denied.

34. The Defendants admit that some VDOC subcontracts medical care at some VDOC facilities and employs medical care professionals at some institutions.

35. The Defendants deny the allegations contained in Paragraph 34 and demand strict proof thereof.

36. The Defendants admit the allegations contained in Paragraph 35 of Plaintiff's Complaint.

37. The Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint and demand strict proof thereof.

38. The Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint and call for strict proof thereof.

39. The Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint and call for strict proof thereof.

40. The Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint and call for strict proof thereof.

41. With respect to the allegations contained in Paragraph 40 of Plaintiff's Complaint, the

Defendants admit that Plaintiff is currently incarcerated at Augusta Correctional Center and that he was under the care and custody of Defendant Clarke. Further, Defendants admit that Defendant Clarke knew that there were inmates in the custody of the VDOC which suffered from Hepatitis C.

42. Upon information and belief, the Defendants admit the allegations contained in Paragraph 41 of Plaintiff's Complaint.

43. Upon information and belief, the Defendants admit that Plaintiff complained of abdominal pain while at Nottaway Correctional Center. The Defendants have insufficient information with which to admit or deny the remaining allegations in Paragraph 42 of Plaintiff's Complaint and therefore they are denied.

44. With respect to the allegations contained in Paragraph 43 of Plaintiff's Complaint Upon information and belief, the Defendants admit that the Plaintiff was taken to MCV Hospital in Richmond, Virginia and diagnosed with gall stones.

45. Upon information and belief, the Defendants admit the allegations contained in Paragraph 44 of Plaintiff's Complaint.

46. The Defendants have insufficient information with which to admit or deny the allegations contained in Paragraph 45 of Plaintiff's Complaint and therefore they are denied.

47. The Defendants have insufficient information with which to admit or deny the allegations contained in Paragraph 46 of Plaintiff's Complain and therefore they are denied.

48. The Defendants have insufficient information with which to admit or deny the allegations contained in Paragraph 47 of Plaintiff's Complaint and therefore they are denied.

49. The Defendants have insufficient information with which to admit or deny the allegations contained in Paragraph 48 of Plaintiff's Complaint and therefore they are denied.

50. The Defendants have insufficient information with which to admit or deny the allegations contained in Paragraph 49 of Plaintiff's Complaint and therefore they are denied.

51. The Defendants have insufficient information with which to admit or deny the allegations contained in Paragraph 50 of Plaintiff's Complaint and therefore they are denied.

52. The Defendants have insufficient information with which to admit or deny the allegations contained in Paragraph 51 of Plaintiff's Complaint and therefore they are denied.

53. The Defendants have insufficient information with which to admit or deny the allegations contained in Paragraph 52 of Plaintiff's Complaint and therefore they are denied.

54. The Defendants admit that Plaintiff continued to see medical staff at ACC, including Dr. Dale Moreno and Dr. Diane Landauer, for various medical issues. The Defendants have insufficient information with which to admit or deny the remaining allegations contained in Paragraph 53 of Plaintiff's Complaint and therefore they are denied.

55. The Defendants have insufficient information with which to admit or deny the allegations contained in Paragraph 54 of Plaintiff's Complaint and therefore they are denied.

56. The Defendants admit the allegations contained in Paragraph 55 of Plaintiff's Complaint.

57. The Defendants admit the allegations contained in Paragraph 56 of Plaintiff's Complaint.

58. The Defendants have insufficient information with which to admit or deny the allegations contained in Paragraph 57 of Plaintiff's Complaint and therefore they are denied.

59. The Defendants have insufficient information with which to admit or deny the allegations contained in Paragraph 58 of Plaintiff's Complaint and therefore they are denied.

60. The Defendants have insufficient information with which to admit or deny the

allegations contained in Paragraph 59 of Plaintiff's Complaint and therefore they are denied.

61. The Defendants have insufficient information with which to admit or deny the allegations contained in Paragraph 60 of Plaintiff's Complaint and therefore they are denied.

62. The Defendants have insufficient information with which to admit or deny the allegations contained in Paragraph 61 of Plaintiff's Complaint and therefore they are denied.

63. The Defendants have insufficient information with which to admit or deny the allegations contained in Paragraph 62 of Plaintiff's Complaint and therefore they are denied.

64. The Defendants have insufficient information with which to admit or deny the allegations contained in Paragraph 63 of Plaintiff's Complaint and therefore they are denied.

65. The Defendants admit the allegations contained in Paragraph 64 of Plaintiff's Complaint.

66. The Defendants have insufficient information with which to admit or deny the allegations contained in Paragraph 65 of Plaintiff's Complaint and therefore they are denied.

67. The Defendants have insufficient information with which to admit or deny the allegations contained in Paragraph 66 of Plaintiff's Complaint and therefore they are denied.

68. The Defendants deny the allegations contained in Paragraph 67 and demand strict proof thereof.

69. The allegations contained in Paragraph 68 of Plaintiff's Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

70. The allegations contained in Paragraph 69 of Plaintiff's Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

71. The allegations contained in Paragraph 70 of Plaintiff's Complaint call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

72. The Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Complaint and demand strict proof thereof.

73. The Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Complaint and demand strict proof thereof.

74. The Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Complaint and demand strict proof thereof.

75. The Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Complaint and demand strict proof thereof.

76. The Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Complaint and demand strict proof thereof.

77. The Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Complaint and demand strict proof thereof.

78. The Defendants have insufficient information with which to admit or deny the allegations contained in Paragraph 77 and therefore they are denied.

79. The Defendants deny the allegations contained in Paragraph 78 of Plaintiff's Complaint and demand strict proof thereof.

80. The Defendants incorporate by reference their answers to paragraphs 1 through 78 as if set out in full herein.

81. The Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Complaint and demand strict proof thereof.

82. The Defendants deny the allegations contained in Paragraph 81 of Plaintiff's Complaint and demand strict proof thereof.

83. The Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Complaint and demand strict proof thereof.

84. The Defendants incorporate by reference their answers to paragraphs 1 through 82 as if set out in full herein.

85. The Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Complaint and demand strict proof thereof.

86. The Defendants deny the allegations contained in Paragraph titled "Attorneys Fees" in Plaintiff's Complaint and demand strict proof thereof.

87. The remaining paragraphs of the Complaint constitute a prayer for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiff has suffered any injuries and/or damages alleged and further deny that there should be any injunctive relief, compensatory relief, fees or other relief awarded against the Defendants.

88. Defendants deny each and every allegation of Plaintiff's Complaint which they have not heretofore expressly admitted.

89. The Defendants demand trial by jury.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses as to the matters raised in Plaintiff's Complaint:

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff has not been denied any rights protected by the United States Constitution, the Virginia Constitution, or any provision of the United States Code.

## THIRD AFFIRMATIVE DEFENSE

The Defendants deny that the Plaintiff has suffered any cognizable injuries or damages as a result of any acts or omissions on the part of the Defendants.

## FOURTH AFFIRMATIVE DEFENSE

The Defendants aver that class certification is inappropriate in this matter and should be denied.

## FIFTH AFFIRMATIVE DEFENSE

The Defendants aver that the Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e and other applicable law.

## SIXTH AFFIRMATIVE DEFENSE

The Defendants are entitled to the defenses of qualified immunity and it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that the Defendants have violated any clearly established constitutional right.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendants cannot be held liable on the basis of *respondeat superior*, agency or vicarious liability theories.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendants reserve his right to amend their affirmative defenses and to add new affirmative defenses in the event future discovery reveals the existence of or need for such.

RESPECTFULLY SUBMITTED,

HAROLD CLARKE
And
MARK AMONETTE, MD

s/ Elizabeth M. Muldowney
Edward J. McNelis, III, VSB no. 34004
Elizabeth M. Muldowney, VSB no. 46387
Sands Anderson, PC
1111 East Main Street, Suite 2400
P.O. Box 1998
Richmond, Virginia 23218-1998
emcnelis@sandsanderson.com
emuldowney@sandsanderson.com
*Attorneys for Defendants Harold Clarke and Mark Amonette, MD*

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

**Jessica Nichole Sherman-Stoltz**
Nexus Caridades Attorneys, Inc.
113 Mill Place Pkway, Suite 105A
Verona, VA 24482
540-255-4365
Fax: 540-301-8158
Email: jstoltz@nexuscaridades.com

**Mario Bernard Williams**
**Andrew Ready Tate**
Nexus Caridades Attorneys, Inc.
44 Broad Street, NW, Suite 200
Atlanta, GA 30303
404-654-0288
Fax: 404-592-6255
Email: mario@goodgeorgialawyer.com

        s/ Elizabeth M. Muldowney
        Edward J. McNelis, III, VSB no. 34004
        Elizabeth M. Muldowney, VSB no. 46387
        Sands Anderson, PC
        1111 East Main Street, Suite 2400
        P.O. Box 1998
        Richmond, Virginia 23218-1998
        emcnelis@sandsanderson.com
        emuldowney@sandsanderson.com
        *Attorneys for Defendants Harold Clarke and Mark Amonette, MD*