CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JAN 1 2 2018

JULIA C. DUDLEY, CLERK
BY: F Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| TERRY A. RIGGLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:17-cv-00063 |
| ) | |
| HAROLD CLARKE, in his individual ) | |
| And official capacities and ) | |
| MARK AMONETTE, in his individual ) | |
| And official capacities, ) | |
| ) | |
| Defendants. ) | |

## JOINT STIPULATED PROTECTIVE ORDER

The parties, by counsel, stipulate and agree to entry of this Order ("Protective Order") under the Federal Rules of Civil Procedure and Local Rules of the U.S. District Court for the Western District of Virginia. This Protective Order shall govern the collection, preservation, use, dissemination, and disclosure of certain confidential documents and materials described below and obtained through discovery. The parties having agreed and for good cause shown,

IT IS ORDERED AS FOLLOWS:

1. **Materials Covered.** This Protective Order shall govern the handling, use, and disclosure of documents and electronically stored information (as those terms are construed under Rules 26 and 34), depositions and deposition exhibits, interrogatory answers, responses to requests for admissions, and other written, recorded, or graphic matter ("Discovery Material") produced (whether pursuant to Rule 30, Rule 31, Rule 33, Rule 34, Rule 45 or any other applicable Rule of the Federal Rules of Civil Procedure, subpoena, agreement, or otherwise) during these proceedings by the parties. "Discovery Material" also includes every copy, compilation, abstract, summary, digest, and by-product of any of the foregoing created by any

recipient thereof. All Discovery Material shall be used solely for this action and/or the appeal of this matter. The respective parties, their representatives, and all other third parties permitted to review Discovery Materials pursuant to this Protective Order will abide by its terms.

2. **Protected Discovery Material.** Except with the prior written consent of the producing party, any Discovery Material that the producing party designates as "Confidential" shall be treated as "Protected Discovery Material" and shall not be disclosed to any person or used for any purpose, except as expressly permitted herein. "Confidential" shall mean private or confidential personal information, including Protected Health Information subject to protection under the Health Insurance Portability and Accountability Act of 1996 and regulations promulgated thereunder, and nonpublic material that the non-party producing the designated material (the "Designating Party") in good faith believes deserves protection under Rule 26 or other applicable law. This includes information received in confidence from third parties, so long as the Designating Party has a good-faith belief that the information is entitled to protection under Rule 26 or other applicable law.

3. **Designating Discovery Material as "Confidential."** A Designating Party makes a designation of "Confidential" by stamping or affixing "Confidential" on each page of the Discovery Material or by placing the designation on the physical exhibit or thing itself or on the case, container or envelope containing the Discovery Material to be treated as confidential.

4. **Use of Materials.** The Discovery Material, including but not limited to all Protected Discovery Material, shall be used only for this action, or any appeal therefrom, and shall not be used, revealed, or disclosed for any other purposes, including use in connection with any business or commercial activity or any governmental, administrative, or judicial proceeding. Protected Discovery Material marked as "Confidential" shall be copied only by the parties,

attorneys of record, clerical personnel assisting such attorneys, retained experts of the parties, court personnel, and/or court reporting personnel.

5. **Disclosure of Protected Discovery Material.** Any Protected Discovery Material shall be maintained by the recipient of the Discovery Material (the "Receiving Party") under strict confidence, and no party or person shall disclose, show in deposition, or otherwise make known its contents to persons except for the following, who may be given and may use the Protected Discovery Material only for the purpose of this action:

a) Outside counsel representing the named parties in this action, including their legal and clerical assistants;

b) The parties and their employees who agree in writing to be bound by the Order;

c) Persons retained, or in good faith being considered for retention, with respect to this litigation by the parties as independent experts and/or expert witnesses;

d) The Court, court personnel, court-reporting personnel, and any court-ordered or private mediator;

e) Witnesses, as necessary to the litigation of the claims asserted and defenses raised in this case; and

f) Other persons, as agreed to in writing or on the record by all parties, to whom counsel seeking agreement in good faith believes it is necessary to disclose such Protected Discovery Material to prepare for litigation.

6. **Agreement by Recipients of Protected Discovery Material.** Prior to disclosure of Protected Discovery Material to any person pursuant to <u>paragraphs 5(a), (b), (c), (e), and/or (f),</u>

3

counsel for the Receiving Party seeking to make such disclosure shall inform each such recipient that the material is confidential and may not be disclosed or used except as provided in this Protective Order.

7. **Disclosure in a Deposition**. Notwithstanding provision of this Protective Order, in a deposition any party may disclose Protected Discovery Material to a deponent if the documents and relevant portions of the deposition transcript are then designated as "Confidential." The disclosure of Protected Discovery Material in a deposition shall not otherwise affect the status and treatment of such Protected Discovery Material.

8. **Disclosure Other than Permitted Disclosure**. In the event that any Receiving Party in good faith believes it may be necessary to disclose Protected Discovery Material in circumstances where such disclosure would be prohibited by the terms of this Protective Order, the Designating Party and the Receiving Party shall attempt to reach agreement on the terms of which such disclosure may be made. The Protected Discovery Material at issue shall not be disclosed to the intended recipient unless and until the Designating Party and the Receiving Party agree or an order is issued by the Court permitting such disclosure.

9. **Challenging Confidential Designation**. If any Receiving Party concludes that any Protected Discovery Material should not be treated as Protected Discovery Material in accordance with the terms of this Order, that Receiving Party shall so notify the Designating Party in writing and state the basis for this conclusion. The Designating Party and the Receiving Party shall expeditiously attempt to agree, in writing, that the materials are or are not entitled to Protected Discovery Material treatment. If the Designating Party and the Receiving Party are unable in good faith to agree within a reasonable time, not to exceed seven days, any party may thereafter make a motion to the Court to remove from protection as Protected Discovery Material the material in

dispute. The Designating Party shall have an opportunity to respond to any such motion. Pending resolution of the party's negotiations or the Court's decision on such motion, the document or thing at issue shall continue to be afforded full protection as Protected Discovery Material.

10. **Inadvertent Failure to Designate**. The inadvertent failure of a party to designate Discovery Material as Protected Discovery Material shall not constitute, or have the effect of, a waiver of any later claim that such material or any similar material should be treated as Protected Discovery Material. Good faith disclosure of such material by any party prior to such later designation, however, shall not be deemed a violation of the provisions of this Order.

11. **Qualified Protective Order for Protected Health Information**. The parties have agreed that any "protected health information" contained in any documents produced by the parties will be redacted before production. In the event that "protected health information" is inadvertently produced, pursuant to 45 C.F.R. § 164.512(e)(1), this Protective Order shall constitute a qualified protective order pursuant to 45 C.F.R. § 164.512(e)(1)(v). The parties and their attorneys are hereby authorized to receive and securely transmit "protected health information" pertaining to this litigation. For purposes of this Protective Order, "Protected Health Information" shall encompass (a) information within the scope and definition set forth in 45 C.F.R. §§ 160.103 and 164.501 that is (b) provided to the parties in the course of this litigation. "Protected Health Information" includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies an individual or with respect to which there is a reasonable basis to believe the information can be used to identify an individual. The parties, and any Designating Party and Receiving Party, hereby agree that Protected Health Information shall not be used for any purpose other than this action, including any

appeals, pursuant to the terms of paragraph 4 above. Counsel for the Parties shall take all other reasonable steps to ensure that persons receiving Protected Health Information do not use or disclose such information for any purpose other than the above-captioned litigation, and no such disclosure will be made until the individual receiving Protected Health Information has agreed to be subject to this Protective Order and be bound by its terms. Within 60 days after dismissal or entry of final judgment not subject to further appeal, the Receiving Party shall return Protected Health Information to the covered entity or destroy all copies of Protected Health Information pertaining to the action, except that the parties are not required to secure the return or destruction of Protected Health Information submitted to the Court. Any Protected Health Information destroyed pursuant to this paragraph must be destroyed pursuant to the United States Department of Health and Human Services *Guidance to Render Unsecured Protected Health Information Unusable, Unreadable, or Indecipherable to Unauthorized Individuals*. Nothing in this Order authorizes the parties to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or any other lawful process.

12. **Non-Waiver of Attorney-Client Privilege and Work Product Protections**. Pursuant to Rule 502 of the Federal Rules of Evidence, the production or disclosure of any document that a producing party later claims should not have been produced because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Produced Privileged Document"), will not be deemed to waive any privilege. Pursuant to Federal Rule of Evidence 502(d), any party or non-party's disclosure of a Produced Privileged Document in this action does not constitute a waiver of any privilege or protection in connection with this federal proceeding or in any other federal or state proceeding; any party or third party's disclosure of a Produced Privileged Document in connection with this proceeding shall not constitute a waiver of

any privilege or protection with respect to the subject matter of any such Produced Privileged Document in this federal proceeding or in any other federal or state proceeding; and all privileges, protections, confidentiality, and immunities (including, without limitation, the attorney-client privilege and the attorney work product doctrine) shall remain in full force and effect as to any Produced Privileged Document disclosed in connection with this proceeding and shall not be waived or in any way impaired in connection with this federal proceeding or in any other federal, state, or other proceeding by such disclosure or by compliance with any other aspect of this Protective Order. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502 or otherwise permitted by law.

13. **Return of Produced Privileged Documents.** If any party or non-party learns of the production of a Produced Privileged Document, the party or non-party shall provide written notice of such production. Within seven days of receipt of notice that a Produced Privileged Document was produced or disclosed, sufficiently identified by Bates number or other method to enable its identification, all recipients of the Produced Privileged Document shall collect all copies or reproductions thereof and either segregate them to protect them from use, or, if requested, return them to the producing party and shall delete such material from any medium. In addition, the recipients shall collect all notes or other work product that summarize, discuss, or quote the contents of such Produced Privileged Document, which shall then be segregated and destroyed, unless the protected nature of the production is disputed. If the recipient disputes the protected nature of the Produced Privileged Document, then the recipient shall so notify the producing party in writing at the time the documents, information, and materials are segregated or returned to the producing party, or within a reasonable time thereafter. If the dispute cannot be resolved after conferring in good faith with the producing party, the recipient may promptly file a motion with the Court to

compel production of such documents, information, and materials, attaching the information at issue, under seal. The producing party shall have the burden of demonstrating the protected nature of the Produced Privileged Document. The producing party must retain the information until the claim is resolved. If the protected nature of the Produced Privileged Document is upheld, the receiving party shall return or destroy the Produced Privileged Document and all notes or other work product that summarize, discuss, or quote the contents of the Produced Privileged Document.

14. **Continued Effect.** After the termination of this litigation, this Protective Order shall continue to be binding upon the parties hereto (including any non-parties who have agreed to be bound hereby) and upon all persons to whom Protected Discovery Material has been disclosed. Upon conclusion of this action, all Protected Discovery Material (including, without limitation, copies provided to parties or to testifying or consulting experts) shall be returned to the producing party or, in the alternative, destroyed within 60 days.

15. **Modification of this Protective Order.** Nothing in this Protective Order shall prevent any party or other person subject to it from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper or as to which it believes this Protective Order provides insufficient protection. Nothing in this Protective Order shall be deemed or construed as adjudication or waiver of any discovery or trial objection or contention. Nothing in this Protective Order shall be deemed to prevent the use of Protected Discovery Material at trial, except that any Protected Health Information or other personal-identifying information shall be redacted or otherwise kept confidential except as otherwise ordered by the Court.

SO ORDERED.

Dated: January 12, 2018

_____
U.S. District Judge Moon

WE ASK FOR THIS:

_____/s/_____
Edward J. McNelis, III (VSB #34003)
Elizabeth M. Muldowney (VSB #46387)
Sands Anderson, PLC
1111 East Main Street, Suite 2400
P. O. Box 1998
Richmond, VA 23218-1998
Tel: (804) 783-7227
Fax: (804) 783-7291
EMuldowney@sandsanderson.com
EMcnelis@sandsanderson.com
*Counsel for Defendants*


_____/s/_____
Mario Bernard Williams
Andrew Ready Tate
Nexus Caridades Attorneys, Inc.
44 Broad Street, NW, Suite 200
Atlanta, GA 30303
404-654-0288
Fax: 404-592-6255
mario@goodgeorgialawyer.com
mwilliams@nexuscaridades.com
*Counsel for Plaintiff*

9