CLERKS OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
4/20/18
JULIA C. DUDLEY, CLERK
BY: s/ K. DOTSON
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| TERRY A. RIGGLEMAN,<br><br>                         *Plaintiff*,<br>v.<br><br>HAROLD CLARKE AND MARK AMONETTE,<br><br>                         *Defendants.* | CASE NO. 5:17-cv-00063<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

       The putative class action complaint in this Eighth Amendment case was filed in June 2017. That December, shortly before Chief Judge Urbanski transferred the case to me, Plaintiff Terry Riggleman moved to certify the class. The factual basis for certification rested entirely on the complaint itself: There were no documents, transcripts, affidavits, or any other evidence attached to or cited in the motion. (Dkt. 39).[1] That is insufficient. "It is seldom, if ever, possible to resolve class representation questions from the pleadings." *Int'l Woodworkers of Am., AFL-CIO, CLC v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1268 (4th Cir. 1981); *see Brown v. Nucor Corp.*, 785 F.3d 895, 903 n.5 (4th Cir. 2015); *EQT Prod. Co. v. Adair*, 764 F.3d 347, 357 (4th Cir. 2014); *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 319 (4th Cir. 2006) ("[T]he district court must take a close look at the facts relevant to the certification question and, if necessary, make specific findings on the propriety of certification."); *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 366 (4th Cir. 2004); *Ealy v. Pinkerton Gov't Servs., Inc.*, 514 F. App'x 299, 305 (4th Cir. 2013); *Brown v. Nucor Corp.*, 576 F.3d 149, 162 (4th Cir. 2009) (Agee, J., concurring in part and dissenting in part). The rationale for this principle, says the Supreme Court, is rooted in the "rigorous analysis" required for a certification determination:

---

[1]     The same was true of Defendants' response brief and Plaintiff's reply brief. (Dkts. 45, 46).

> Repeatedly, we have emphasized that it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question, and that certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied. Such an analysis will frequently entail overlap with the merits of the plaintiff's underlying claim. That is so because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.

*Comcast Corp. v. Behrend*, 569 U.S. 27, 33–34 (2013) (internal citations and quotations omitted). "Courts routinely refuse to certify classes based on the need to conduct further discovery before being able to properly rule on a class certification motion." *In re Modafinil Antitrust Litig.*, 837 F.3d 238, 255 (3d Cir. 2016) (citing cases).

In light of the above, the motion for class certification is **DENIED**, but without prejudice. Roughly ten months have passed since this case was filed, and three months have elapsed since I entered my standard pretrial order after the case was transferred to me. Further, oral argument on the certification motion was previously set for July 6, 2018. So, the parties have had an opportunity to engage in discovery, and they have developed or are developing (and can continue to develop) facts relevant to the certification issue. The Clerk is **DIRECTED** to retain the oral argument date, and the Court will set a briefing schedule. Any renewed motion for certification is due on or before May 25, 2018; Defendants' response is due on or before June 8, 2018; and any reply is due on or before June 15, 2018. Should additional time for certification discovery be needed prior to briefing, any party may move for the amendment of this briefing schedule and the establishment of a certification discovery deadline by the presiding magistrate judge.

Entered this  20th  day of April, 2018.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE