# Exhibit 4



# NEXUS
## CARIDADES ATTORNEYS INC.

WWW.NEXUSCARIDADES.COM

44 Broad Street, NW, Suite 200
Atlanta, GA 30303
(p) 404-654-0288
(f) 703.935.2453

December 7, 2017

Sent via email to emuldowney@sandsanderson.com
Elizabeth Martin Muldowney, Esq.
Sands Anderson, PC
1111 East Main Street, Suite 2400
Richmond, VA 23218-1998

Re:	**Riggleman v. Clarke, et al.**
	**U.S. District Court, Western District of Virginia**
	Case No:	5:17-cv-63

Dear Ms. Muldowney:

Thank you for your prompt reply to my letter. That speaks volumes for your professionalism and I sincerely look forward to litigating with you.

We propose that we go ahead and agree to a protective order for all discovery coming out in this case. That way it stays with us. We will draft an order and get it to you by Monday for your review.

You state that time is the limiting factor. For the record, we have been very patient regarding discovery, holding off until we got a response from your clients and understood your position on the central issues. We agreed to multiple extensions of time for your clients to respond to the complaint, which was filed on June 26. We understand that changes in counsel can prolong things and we did not resist any delay. In the interim, on October 9, we filed our motion for a preliminary injunction due to the gravity of the circumstances for our client. Pursuant to the extensions, your clients' responses to both the complaint and the injunctive motion came in on November 7. We appreciated you likewise granting us an extension (two weeks) to respond to those. Now, the day after we filed our responses, we approached you about discovery.

To speed things up, we would like to schedule a phone conference just between counsel to figure out the best way forward here. At the start, we'd like clarification on your position. First, are you saying we are not entitled to the discovery we proposed for the hearing? We think we are entitled to everything we requested for a full and effective hearing. Second, if you are saying the only way you could provide responses to our proposed requests is with more time,

1

then let's consent to continue the hearing to a later date. We understand the holidays could slow things down as well, but at the same time we do not want to delay this much further, and we expect the judge will not want to either.

In addition, we want to know your position on expert disclosures and depositions prior to — and for the purposes of — the injunction hearing. We expect you will want to depose our expert and, if you are using an expert, we would like to depose her/him as well.

Let's have that conference call. I am available tomorrow (Friday, November 8) between 1p.m. and 2 p.m., and between 3 p.m. and 7 p.m. I am generally available next week.

                              Sincerely,

                              s/Andrew R. Tate, Esq.

cc:     Edward J. McNelis, III, Esq.
        Mario B. Williams, Esq.