# Exhibit 9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Virginia

| | | |
|---|---|---|
| Terry A. Riggleman, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   5:17-cv-00063 |
| Harold Clarke, et. al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Harold Clarke, Virginia Department of Corrections,
6900 Atmore Dr., Richmond, VA 23225

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Nexus Caridades Attorneys, Inc.<br>113 Mill Place Pkwy., Suite 115<br>Verona, VA 24482 | Date and Time:<br><br>1/25/2018      5 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  1/11/2018

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Terry Riggleman                                                        , who issues or requests this subpoena, are:

Mario Williams, 44 Broad Street NW, Suite 200, Atlanta, GA 30303, 404-654-0288, mwilliams@nexuscaridades.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:17-cv-00063

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ◻ I served the subpoena by delivering a copy to the named person as follows: _____

_____      on *(date)* _____ ; or

    ◻ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS, OR TO PERMIT INSPECTIONS OF PREMISES ATTACHMENT A

This is "Attachment A" to the subpoena addressed to Harold Clarke, Virginia Department of Corrections, 6900 Atmore Dr., Richmond, VA 23225. Pursuant this subpoena in civil action 5:17-cv-00063 before the Harrisonburg Division of the U.S. District Court for the Western District of Virginia, **please permit the inspection by our IT vendor of your electronic records** containing emails on a date and time mutually agreeable to the requesting party and the producing party during the **week of January 29, 2018 through February 2, 2018.** *Please do not cause any electronic searches for emails requested in this subpoena to be performed prior to our IT person being present, and please do not cause any electronic searches for emails requested in this subpoena to be performed prior to agreeing to search terms.* **In addition, pursuant to the discovery instructions attached hereto as Exhibit 1, please provide a certified copy of the following items:**

1. All policies, procedures, protocols, regulations, and guidelines regarding the treatment of Hepatitis C. The time frame is January 20, 2012 through the date this request is received.

2.  All policies, procedures, protocols, regulations, and guidelines regarding the treatment of Hepatitis C signed by Mark Amonette. The time frame is January 20, 2012 through the date this request is received.

3.  All acknowledgement forms which demonstrate that Amonette read policy and procedure manuals regarding the treatment of inmates in his care and custody from January 20, 2012 through the date of this request, including specific policies and procedure with respect to the treatment of Hepatitis C.

4.  All clinical guidelines (state or federal) regarding the treatment/management of Hepatitis C within prisons. The time frame is January 20, 2012 through the date this request is received.

5.  All drafts of policies, procedures, guidelines, regulations, and protocols regarding the treatment of Hepatitis C in VDOC prisons. The time frame is January 20, 2012 through the date this request is received.

6.  All policies, procedures, guidelines, regulations, and protocols regarding the treatment of Hepatitis C specific to Augusta Correctional Center. (Just in case they have local policies, procedures, etc.) The time frame is January 20, 2012 through the date this request is received.

7.  All emails regarding the treatment of Hepatitis C. Proposed search terms ("Hepatitis C", "Hep C", "HCV", "Harvoni", "Ledipasvir", "Sofosbuvir", "direct-acting antiviral", "DAAD", "fibrosis", "cirrhosis", "FibroSure",

"FibroTest", "FIB-4", "FIB4"). The time frame is January 20, 2012 through the date this request is received. **Regarding electronic discovery of emails, we have our own IT vendor and that person must be present when these searches occur and will coordinate with VDOC's designated IT person when conducting the search. Please do not cause any electronic searches to be performed prior to our IT person being present.**

8. All emails regarding Terry Riggleman. Proposed search terms ("Terry Riggleman", "Riggleman", "1000538"). The time frame is January 20, 2012 through the date this request is received. **Regarding electronic discovery of emails, we have our own IT vendor and that person must be present when these searches occur and will coordinate with VDOC's designated IT person when conducting the search. Please do not cause any electronic searches to be performed prior to our IT person being present.**

9. All medical certifications from any agency, authority, commission, and national or state organizations with respect to medical care in the VDOC. The time frame is January 20, 2012 through the date this request is received.

10. All training records for Mark Amonette related to the management/treatment of Hepatitis C. The time frame is January 20, 2012 through the date this request is received.

11. Five invoices that demonstrate the cost(s) per inmate of providing a full course of the drug Harvoni to VDOC inmates in 2017.

12. Five invoices that demonstrate the cost(s) per inmate of providing a full course of the drug Ledipasvir to VDOC inmates in 2017.

13. Five invoices that demonstrate the cost(s) per inmate of providing a full course of the drug Sofosbuvir to VDOC inmates in 2017

14. All contracts with all entities who provide medication(s) that are given to VDOC inmates who are diagnosed with Hepatitis C. The time frame is January 20, 2012 through the date this request is received.

This 12th day of January 2018,

s/MARIO B. WILLIAMS
Mario B. Williams (VSB #91955)
s/ANDREW R. TATE
Andrew R. Tate (Ga. Bar #518068)

**NEXUS CARIDADES ATTORNEYS INC.**
44 Broad St. NW, Suite 200
Atlanta, GA 30303
Phone: (404) 654-0288
Fax: (703) 935-2453
mwilliams@nexuscaridades.com
atate@nexuscaridades.com
*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have mailed a copy of the foregoing to:

Edward J. McNelis, III
Elizabeth Martin Muldowney
Sands Anderson, PC
1111 East Main Street, Suite 2400
Richmond, VA 23218-1998
Phone: 8004-648-1636
Fax: 804-783-7291
emcnelis@sandsanderson.com
emuldowney@sandsanderson.com
*Attorneys for the Defendants*

This 12th day of January 2018,

> s/MARIO B. WILLIAMS
> Mario B. Williams (VSB #91955)
> s/ANDREW R. TATE
> Andrew R. Tate (Ga. Bar #518068)

**NEXUS CARIDADES ATTORNEYS INC.**
44 Broad St. NW, Suite 200
Atlanta, GA 30303
Phone: (404) 654-0288
Fax: (703) 935-2453
mwilliams@nexuscaridades.com
atate@nexuscaridades.com
*Counsel for the Plaintiff*

Exhibit 1

## Instructions

<u>Electronic Documents</u>

**Image File Format:** All images, paper documents scanned to images, or rendered ESI should be produced as 300 dpi single page Tagged Image File Format (TIFF) files. They should be uniquely and sequentially bates numbered with an endorsement on each page. All MS Excel files and exception documents should be produced in their native format along with a placeholder referencing the documents bates.

**Image Cross Reference File:** Images should be accompanied by a cross reference file that associates each bates number with a corresponding single-page TIFF image file. The file extension for this cross reference should be .OPT.

**Relativity Load File:** Images should also be accompanied by a "text load file" (DAT file).

- DAT file should be in an ASCII text delimited file using the following delimiters:

  ASCII:020 for Column
  ASCII:254 for Quote
  ASCII:174 for Newline

- The text file should contain hyperlinks to applicable native files (mentioned above). There should be one line for every document in the production and it must contain a field listing of the metadata fields in the order they appear within the data file.
- The path to the extracted text/OCR text for each document should also be included in the DAT file. Each document should be as a separate single text file named matching the PRODBEGDOC.

<u>Hard Copy Documents</u>

- All hard copy documents should reflect accurate document unitization including attachments and container information using the ParentID, AttachID, ProdBegAttach and ProdEndAttach fields.
- All hard copy documents should be produced in black and white TIFF format unless the image requires color. Images requiring color shall be produced as color 300 dpi single-page JPEG files.

<u>Required Metadata/Database Fields</u>

| Field Name | Field Description | Field Type | Field Value | Hard Copy | eDocs and Emails |
|---|---|---|---|---|---|
| DOCID | Starting Bates (including prefix) | Text | 255 | X | X |

Exhibit 1: Page 1 of 3

Exhibit 1

| Field Name | Field Description | Field Type | Field Value | Hard Copy | eDocs and Emails |
|---|---|---|---|---|---|
| ProdBegDoc | Starting Bates (including prefix) | Text | 255 | X | X |
| ProdEndDoc | Ending Bates (including prefix) | Text | 255 | X | X |
| ProdBegAttach | Starting Bates number of first attachment (including prefix) | Text | 255 | X | X |
| ProdEndAttach | Ending Bates number of last attachment (including prefix) | Text | 255 | X | X |
| GroupID | Unique number assigned to all members of a family for EVERY document | Text | 255 | X | X |
| ParentID | Parent's starting Bates – populated for all children documents | Text | 255 | X | X |
| AttachID | Child document list – populated for all parent documents | Text | 255 | X | X |
| Custodian | Custodian or Source formatted Last, First or ABC Company | Long Text | Unlimited | X | X |
| Organization | Company or Organization submitting data | Long Text | Unlimited | X | X |
| PageCount | Page Count | Whole Number | 10 | X | X |
| FileName | Name of the file as it appeared in its original location | Long Text | Unlimited | | X |
| FileSize | File Size in bytes | Integer | 10 | X | X |
| FileExtension | Extension for the file (i.e. .doc; .pdf) | Text | 10 | | X |
| Source | Document's original source – full folder path | Long Text | Unlimited | | X |
| Email_To | Recipient formatted Last Name, First Name | Multiple Choice | Unlimited | | X |
| Email_From | Author of email formatted Last Name, First Name | Single Choice | Unlimited | | X |
| Email_CC | Carbon Copy Recipients - formatted Last Name, First Name | Multiple Choice | Unlimited | | X |
| Email_BCC | Blind Carbon Copy Recipients - formatted Last Name, First Name | Multiple Choice | Unlimited | | X |

Exhibit 1: Page 2 of 3

Exhibit 1

| Field Name | Field Description | Field Type | Field Value | Hard Copy | eDocs and Emails |
|---|---|---|---|---|---|
| DocDate | Document Date for eDocs formatted MM/DD/YYYY | Date | MM/DD/YYYY | | X |
| DateSent | Date Email was sent formatted MM/DD/YYYY | Date | MM/DD/YYYY | | X |
| TimeSent | Time Email was sent formatted MM/DD/YYYY | Text | 10 | | X |
| Date Received | Date Email was received formatted MM/DD/YYYY | Date | MM/DD/YYYY | | X |
| TimeReceived | Time Email was received formatted MM/DD/YYYY | Text | 10 | | X |
| DateCreated | Date created formatted MM/DD/YYYY | Date | MM/DD/YYYY | | X |
| DateLastMod | Date Last Modified formatted MM/DD/YYYY | Date | MM/DD/YYYY | | X |
| RecordType | eDoc, Email, Attachment or Hard Copy | Text | 60 | | X |
| NativeLink | Current File Path location to the Native File | Long Text | Unlimited | | X |
| TextLink | Current File Path location to the .txt File | Long Text | Unlimited | X | X |

Exhibit 1: Page 3 of 3