CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
9/15/18
JULIA C. DUDLEY, CLERK
BY: s/ K. DOTSON
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| TERRY A. RIGGLEMAN, <br><br>                     *Plaintiff*, <br> v. <br><br> HAROLD CLARKE AND MARK AMONETTE, <br><br>                     *Defendants*. | CASE NO. 5:17-cv-00063 <br><br> ORDER <br><br> JUDGE NORMAN K. MOON |

The Court has before it a ripe motion by Plaintiff seeking a preliminary injunction to stop the alleged continuing violation of his Eighth Amendment right against cruel and unusual punishment for failure to provide adequate medical treatment. (Dkt. 22). In a recent submission seeking an extension of time on another issue, the parties indicated they are involved in "newly developing discussions . . . about resolving this case," which they characterized as "productive." Dkt. 95 at 1, 3; *cf. Reid v. Clarke*, No. 7:16-cv-547 (W.D.Va.) (settling similar issues shortly before trial). "The Parties agreed to a timetable over the next 60 days to continue specific work towards the potential resolution of this case." (Dkt. 95 at 3).

Public policy favors and encourages the settlement of legal disputes. *Fiberglass Insulators, Inc. v. Dupuy*, 856 F.2d 652, 653–54 (4th Cir. 1988); *Consol. Gas Supply Corp. v. F.E.R.C.*, 745 F.2d 281, 283 (4th Cir. 1984); *Crandell v. United States*, 703 F.2d 74, 75 (4th Cir. 1983).

Also, courts do not decide constitutional questions "unless absolutely necessary." *In re Under Seal*, 749 F.3d 276, 293 (4th Cir. 2014); *Norfolk S. Ry Co. v. City of Alexandria*, 608 F.3d 150, 156–57 (4th Cir. 2010); *see Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 346–47 (1936) (Brandeis, J., concurring).

Finally, preliminary injunctive relief is an "extraordinary remedy" committed to the "sound discretion" of the district court.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave*, 553 F.3d 292, 298 (4th Cir. 2009); *Manning v. Hunt*, 119 F.3d 254, 263 (4th Cir. 1997).

In light of these principles and the parties' ongoing endeavors to settle the case, the motion for preliminary injunctive relief is **DENIED,** *without* **prejudice** to Plaintiff's right to request that the motion be reinstated.  Consistent with the prior extension granted upon the parties' request, if the parties are unable to reach a settlement by November 6, 2018, Plaintiff may request reinstatement of his motion for a preliminary injunction.  In the event Plaintiff so requests, the motion will be so reinstated, and the Court will expeditiously rule based on the previously-submitted briefs and evidence.

The Clerk is directed to send a copy of this Order to counsel of record.

Entered this  14th  day of September, 2018.

/s/ Norman K. Moon
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE