CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
4/29/2019
JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| TERRY A. RIGGLEMAN, *Plaintiff*, v. HAROLD CLARKE AND MARK AMONETTE, *Defendants.* | CASE NO. 5:17-cv-00063 <br><br> MEMORANDUM OPINION <br><br> SENIOR JUDGE NORMAN K. MOON |

This is a putative class action. Terry A. Riggleman ("Plaintiff") is a Virginia inmate who claims he has endured cruel and unusual punishment through the Virginia Department of Corrections' ("VDOC") refusal to treat his Hepatitis C infection. Before the Court is his second motion to certify a class of fellow inmates with Hepatitis C. Certification is inappropriate because Plaintiff is not an adequate class representative. Fed. R. Civ. P. 23(a)(4), 23(g).

Specifically, Plaintiff's counsel is not adequate to handle this case as a class action. Counsel initially failed to provide evidence about their qualifications, experience, or financial ability to litigate a class action—despite binding case law placing a meaningful evidentiary burden on Plaintiff to prove he has adequate counsel. Following a hearing on the motion, Plaintiff's counsel did file two declarations, which the Court has considered. Also, counsel's filings in this case reveal a lack of substantive knowledge about class actions and a disregard for the privacy interests of their client. Lastly, counsel's performance in other cases in this District evinces, among other things, a shortfall in legal acumen and an inability to comply with basic procedural rules.

## I.     Standard of Review

Class certification is a discretionary decision. *EQT Prod. Co. v. Adair*, 764 F.3d 347, 357 (4th Cir. 2014). A plaintiff trying to certify a class must (1) propose a readily identifiable class,

(2) satisfy all four requirements of Rule 23(a), and (3) satisfy at least one prong of Rule 23(b). *See id.* at 358; Fed. R. Civ. P. 23(a), (b). Further, Rule 23(g) sets out specific factors a court must consider in appointing class counsel. Fed. R. Civ. P. 23(g)(1).

"A party seeking class certification must do more than plead compliance with . . . Rule 23['s] requirements. Rather, the party must present evidence that the putative class complies with Rule 23." *EQT Prod.*, 764 at 357.; *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." (emphasis in original)). Critically here, a "district court has an independent obligation to perform a rigorous analysis to ensure that all of the prerequisites have been satisfied." *EQT Prod.*, 764 F.3d at 358.

## II. Adequacy of Counsel

Because class certification fails if even one Rule 23 requirement for certification is not met, the Court can proceed directly to the one it finds most obviously lacking: adequacy of proposed class counsel. Rule 23(a) requires that the prospective class comply with four prerequisites: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *EQT Prod.*, 764 F.3d at 357; Fed. R. Civ. P. 23(a). In his brief in support of the motion for certification of a class, Plaintiff states that Rule 23(a)(4) turns on two inquiries: (1) whether the named plaintiffs have interests conflicting with those of absent class members and (2) whether class counsel are competent to conduct the class action and fairly represent the interests of the class. (Dkt. 101 at 19). At the December 20, 2018 hearing on Plaintiff's motion to certify a class, Defendants' counsel took no position on the adequacy of Plaintiff's counsel to represent a class in this case. (Dkt. 115 at 29-30).

In 2003, Rule 23 was amended, in part, by adding subsection 23(g), which governs the appointment of class counsel. Rule 23(a)(4) sets out the requirements for adequate class representatives while Rule 23(g) and Rule 23(c)(1)(B) address the requirements for class counsel. *Bell v. Brockett*, --- F.3d ---, 2019 WL 1848525, at *7 (4th Cir. 2019). Rule 23(g) "creates an explicit textual mooring for the class counsel analysis[,] but most courts continue to employ the substantive standards generated under Rule 23(a)(4) prior to Rule 23(g)'s adoption in their analysis of counsel's adequacy." 1 William B. Rubinstein, *Newberg on Class Actions* § 3:72 (5th ed.) (quoted in *Sharp Farms v. Speaks*, 817 F.3d 276, 290 n.7 (4th Cir. 2019)).

To the extent Rule 23(g) governs the determination of the adequacy of proposed class counsel, a finding of adequacy remains a part of the certification decision. First, any order that certifies a class action must appoint counsel under Rule 23(g), meaning that a determination of counsel's adequacy must be made prior to entry of an order. *See* Fed. R. Civ. P. 23(c)(1)(B). Second, the Advisory Committee Note to the 2003 Amendment stated that while Rule 23(a)(4) continues to call for scrutiny of the proposed class representative, Rule 23(g) "will guide the court in assessing proposed class counsel as part of the certification decision." Fed. R. Civ. P. 23, adv. comm. notes (2003 amendment). Third, adoption of Rule 23(g) did not change the long-standing rule that "[a] class action is appropriate *only when both* class representatives and class counsel adequately protect the interests of the class." *Bell*, 2019 WL 1848525, at *6 (emphasis added). Thus, a finding that proposed counsel are adequate remains a requirement of certifying a class.

When only one applicant seeks appointment, as here with respect to Plaintiff's counsel, the court may appoint the applicant only if the applicant is adequate under Rule 23(g)(1) and (4). Rule 23(g)(4) provides that any appointed class counsel must "fairly and adequately represent the

interests of the class."[1] Rule 23(g)(1) provides that the court must consider (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The court may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(1)(B).

The inquiry focuses on whether counsel is competent, dedicated, qualified, and experienced enough to appropriately conduct the litigation as a class action. *See*, *e.g.*, *In re Serzone Prod. Liab. Litig.*, 231 F.R.D. 221, 238 (S.D.W. Va. 2005); *McGlothlin v. Connors*, 142 F.R.D. 626, 633–34 (W.D. Va. 1992) (same). "[B]ecause of the broad binding effect of class-action judgments, serious attention is given to the adequacy of representation of those absent class members who will be bound by the judgment." Wright & Miller, 7A *Fed. Prac. & Proc. Civ.* § 1769.1 (Westlaw 3d ed. Sept. 2018). The "inquiry into the adequacy of class counsel" is of "extreme importance." *Id*.

**A.      Evidence about Qualifications of Counsel**

It is the plaintiff's burden to demonstrate compliance with Rule 23. *EQT Prod*., 764 F.3d at 358; *see Wal-Mart*, 564 U.S. at 350 (requiring plaintiff to "affirmatively demonstrate"

---

[1] Courts have taken five distinct approaches to the relationship between Rule 23(a)(4) and Rule 23(g), ranging from analyzing the adequacy of class counsel under Rule 23(a)(4) as if Rule 23(g) had never been adopted to restricting the analysis to Rule 23(g), and approaches in between. 1 *Newberg on Class Actions*, § 3.80. The Court will consider the adequacy of counsel under Rule 23(g) but will also look to previous decisions under Rule 23(a)(4) because both Rule 23(a)(4) as applied to counsel and Rule 23(g) consider whether counsel will "fairly and adequately" protect/represent "the interests of the class."

compliance with Rule 23 "in fact"). Plaintiff falls short of meeting this burden as to the adequacy of his counsel.

Plaintiff attached over 400 pages of documents to his certification brief. The documents—many of which were already in the record—consist of Plaintiff's medical records, VDOC records, letters, a hearing transcript, and a few discovery responses. They did not address the issue of counsel's competency, experience, or ability to effectively prosecute a class action. As of the hearing on the motion there was no evidence before the Court indicating, for example, whether counsel has ever represented a certified class, whether they are experienced with Eighth Amendment claims, or whether they (or their firm) could shoulder the financial burden of prosecuting a class action. *See*, *e.g.*, *Murdoch v. Rosenberg & Assocs., LLC*, No. RWT 12-CV-2234, 2013 WL 1209144, at *7 (D. Md. Mar. 22, 2013) (finding inadequacy of counsel who had "not had a class certified in any federal district courts in Maryland, the District of Columbia, or Virginia").

At the hearing, when asked if Plaintiff's counsel had ever tried a class action, one of Plaintiff's counsel replied that counsel were competent to handle the case and would have all the resources needed if the class was certified. At that point, Plaintiff's other counsel provided a direct answer than no, neither he nor a member of his firm had tried a class action but that he had tried, litigated, and settled many cases, including prison cases. The latter counsel noted that counsel had a class action that was being settled in Tennessee and "[w]e have had several over the course of the years. They have all settled." (Dkt. 115 at 25-26). Counsel also made reference to a former governor of Georgia who had expressed an interest in the case and who had experience as a class attorney. (Dkt. 115 at 22, 26). Further evidence on this latter matter, however, was not entered at the hearing or in subsequent declarations of Plaintiff's counsel as to class action experience.

As permitted by the Court, Plaintiff's counsel filed declarations with respect to their experience and qualifications. (Dkts. 113, 114). Mr. Tate's declaration stated that he was admitted to practice law in June 2017 and has worked directly under Mr. Williams on civil rights litigation since 2016. He has worked on civil rights cases, including prison litigation for violations of the Eighth Amendment. He further states that he and his firm have investigated the VDOC policies and guidelines regarding Hepatitis C since early 2017 and has worked with their expert Hepatologist, retained for this litigation. (Dkt. 114 at 2).

Mr. Williams' declaration states that he is licensed to practice in New York, Georgia, and Virginia and has litigated cases in those and other states. He was licensed to practice law in June 2010 and his practice has been almost exclusively in the area of constitutional law/civil rights, including, but not limited to, prison litigation involving denial of adequate medical care. (Dkt. 113 at 2-3).

Significantly, neither declaration set out counsel's prior class action experience or even mentioned class actions save for a statement that to the best of counsels' knowledge, they had no conflict of interest with any class member or potential class member. (Dkt. 113 at 3; Dkt. 114, at 3). Mr. Williams did make a reference to settling a "multiple plaintiff action in Tennessee, regarding a jail program that offered time for misdemeanor offenses in exchange for an agreement to undergo vasectomies or Nexplanon injections." (Dkt. 113 at 3). It is not clear if this "multiple plaintiff action in Tennessee" is the same as the action mentioned at the hearing as currently being settled in Tennessee.

To be sure, class actions often settle without trial. But Plaintiff's counsel's declaration failed to list, let alone describe, cases in which Plaintiff's counsel have served as class counsel or otherwise have experience in representing a class. Instead, Mr. Williams filed 230 pages of

supporting documentation to his declaration, which consisted of a letter from the Organization of American States which predates his admission to the bar and does not address his competency to represent class members, two petitions for writ of certiorari before the United States Supreme Court regarding prisoner cases (along with lower court decisions in those cases), and a magazine article briefly referencing Mr. Williams with respect to one of the two prisoner cases. (Dkt. 113 at 5-235).

Since adequacy of counsel is a requirement of Rule 23, a plaintiff hoping to become a class representative need to put forward evidence of his attorney's competence. *See*, *e.g.*, *Brown v. Transurban USA, Inc.*, 318 F.R.D. 560, 568 (E.D. Va. 2016) (referencing attorney declaration); *Siquic v. Star Forestry, LLC*, No. 3:13CV00043, 2015 WL 5818263, at *6 (W.D. Va. Oct. 5, 2015) (same); *Talbott v. GC Servs. Ltd. P'ship*, 191 F.R.D. 99, 105 (W.D. Va. 2000) (same). Counsel's initial failure to do so here reveals a dual deficiency. It both is a failure to meet Plaintiff's evidentiary burden, and demonstrates counsel's inadequacy by revealing a lack of substantive knowledge and diligence. *See Davis v. White*, No. 4:16-CV-18, 2017 WL 6273488, at *25 (E.D. Va. Dec. 8, 2017) (M.J.) (concluding court was "unable to make an affirmative finding of adequacy" where there was no declaration from counsel, "or any other information at all," concerning counsel's competency and experience), *aff'd* 748 F. App'x 509 (4th Cir. 2019) (unpublished per curiam); *Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC*, No. ELH-12-0752, 2015 WL 575362, at *8 (D. Md. Feb. 10, 2015) ("The Court has no information about what resources counsel may call upon, financial or otherwise, to aid and support plaintiff's continued prosecution of this case."); *compare Siquic*, 2015 WL 5818263, at *6 (considering

whether counsel were financially able to prosecute case, and finding they were based on actual evidence in the record).[2]

The declarations of Plaintiff's counsel do provide information regarding experience in the substantive law relating to Eighth Amendment litigation and firm resources, and the Court acknowledges that Mr. Williams has almost a decade of civil rights litigation experience, including prisoner litigation. The Court affirmatively concludes, however, that counsel is inadequate for the proposed class based on its experience with counsel in this case and counsel's performance in other cases in this District.

**B.     Initial Motion to Certify and Other Problems in This Case**

Plaintiff filed his first motion to certify in December 2017. (Dkt. 39). That motion was obviously deficient as a matter of law. It neither cited nor attached any evidence, and instead referenced only the complaint's allegations. The Court denied the motion summarily in a two-page order, citing precedential cases making clear that resting certification on only the pleadings was improper. (Dkt. 60). For example, in 2014, the Fourth Circuit wrote: "A party seeking class certification must do more than plead compliance with the aforementioned Rule 23 requirements. Rather, the party *must present evidence* that the putative class complies with Rule 23." *EQT Prod.*

---

[2]     Plaintiff's brief makes a single assertion that he "has retained competent counsel in both civil rights and class action litigation who will rigorously prosecute the case on behalf of all class members." (Dkt. 101 at 20). A solitary citation to the complaint follows, which itself summarily asserts that "Plaintiff has retained competent counsel in both civil rights and class action litigation." (*Id*. (citing Dkt. 1 ¶ 77)). The "extreme importance of the inquiry into the adequacy of class counsel means that the court should not be easily satisfied with a self-serving and one-sided statement by the class attorney that he meets the requirements of the rule." 7A Fed. Prac. & Proc. Civ. § 1769.1 (Westlaw 3d ed. Sept. 2018).

Moreover, these bald contentions indicate ignorance of the *evidentiary* burden—imposed by cases like *Wal-Mart* and *EQT*—to actually show (not just assert) satisfaction of Rule 23. This apparent ignorance is especially troubling because the Court already denied the first motion to certify on the specific ground that Plaintiff failed to cite any evidence and instead improperly "rested entirely on the complaint itself." (Dkt. 60; *see infra* § II.B).

*Co. v. Adair*, 764 F.3d 347, 357 (4th Cir. 2014) (emphasis added) (citation omitted). And the Supreme Court observed in 2011 that "Rule 23 does not set forth a mere pleading standard." *Wal–Mart,* 564 U.S. at 350. The first motion for certification thus illustrates counsel's lack of familiarity with basic class actions principles, as well as a lack of thoroughness in failing to uncover them.

Another issue is perhaps more problematic, given that counsel hope to represent a class regarding a medical issue. Federal Rule of Civil Procedure 5.2 requires a party to partially redact certain sensitive personal identifiers—like birth dates and social security numbers—from all filings. Fed. R. Civ. P. 5.2(a) (*e.g.,* only year of individual's birth, last four digits of individual's social security number). The local rules of this District reiterate that requirement, and they place the duty of compliance "solely" on counsel. W.D. Va. Local Gen. R. 8.

Plaintiff's counsel has violated both rules. The 400-plus pages of evidence supporting Plaintiff's motion for certification are littered with unredacted personal identifiers, mostly from Plaintiff's medical records. On just a cursory review, the Court has identified over a dozen instances of unredacted social security numbers or birth dates. (Dkt. 101-3 at ECF 2–14, 19–26, 28; dkt 101-6 at ECF 2–3). Compounding matters, those documents already existed on the docket in unredacted form, so counsel have replicated their errors by refiling them. (*See* Dkt. 92-3, 92-6; *see also* Dkt. 77-1).

These failures are especially troublesome given that the case at present involves only a single plaintiff. Counsel apparently cannot ensure protection of personal, sensitive information of even one plaintiff, let alone sensitive information they might encounter if litigating this case as a class action on behalf of hundreds (perhaps thousands) of prisoners. Counsel's failure to protect

their existing client's sensitive personal information shows a lack of attentiveness to both his interests and the rules of court.

Where "class counsel ha[s] made significant errors in [an] action, both of substance and form," a district court is within its discretion to deny certification. *Skipper v. Giant Food Inc.*, 68 F. App'x 393, 397 (4th Cir. 2003); *see Carson v. Giant Food, Inc.*, 187 F. Supp. 2d 462, 471 (D. Md. 2002). The Court finds that this is such a situation.

**C.    Other Issues Bearing on Adequacy of Counsel**

Further, counsel's performance in other cases in this District leaves the Court convinced they could not adequately represent the class.[3]

In *Cashion v. Lee*, No. 5:17-cv-00004 (Nov. 8, 2017), counsel filed a claim that Chief Judge Urbanski found, and counsel "d[id] not contest," was barred by the statute of limitations based on "the face of the" amended complaint. (Dkt. 48 at 5). The plaintiff had until December 11, 2016 to file his claim, but "instead dallied, filing this action on January 31, 2017—after the limitations period had expired." (*Id.*).

In *Hixson v. Hutcheson*, No. 5:17-cv-00032 (June 19, 2017), Chief Judge Urbanski pinpointed another obvious shortcoming with counsel's legal theories. The plaintiff claimed he was an intended third-party beneficiary of a contract, "despite contract terms that explicitly disavow[ed] any such intent." (Dkt. 29 at 10). Chief Judge Urbanski observed that the "plain language of the Contract" "expresse[d] as clearly as possible" that there was no third-party beneficiary: It stated that the "*parties agree that they have not entered into this Agreement for the benefit of any third person or persons*." (Dkt. 29 at 6, 7 (emphasis in original opinion)).

---

[3]    Mr. Williams and Mr. Tate of Nexus Drechos Humanos Attorneys, Inc. are plaintiff's counsel. One or both attorneys were counsel of record in the cases surveyed herein.

– 10 –

Other cases reveal failures to professionally and competently conduct discovery, or follow the rules of court. In *Runion v. Shortell*, No. 5:17-cv-00091 (Nov. 3, 2017), counsel moved to delay the opposing party's deposition of their client "less than twenty-four hours before" it was scheduled to occur. (Dkt. 22 at 1). Magistrate Judge Hoppe found that the basis of the motion was "not unreasonable," but the "problem is the timing of these objections." (*Id*. at 2). Counsel originally failed to raise the objections when coordinating scheduling of the deposition, and later "unilaterally canceled" it. (*Id*.). Because opposing counsel had incurred expenses for the deposition "that did not go forward because Plaintiff untimely cancelled the deposition," the plaintiff was ordered to pay those expenses. (*Id*.).

Months later, in *Varner v. Roane*, No. 5:17-cv-00080 (May 23, 2018), counsel's conduct drew a stronger rebuke. The defendant had requested deposition dates from plaintiff's counsel "[f]or the past three months" to no avail, so Magistrate Judge Hoppe instructed counsel to provide potential dates. (Dkt. 44 at 1). Counsel responded by offering a single date, noticing their client's own deposition for that date at their office, and "insisted" that they question their client before opposing counsel asked questions. (*Id*.). Judge Hoppe stated that "Defendant's counsel's objects to Plaintiff's counsel's actions as gamesmanship, and the Court finds that objection to be well taken." (*Id*.). He found that "Plaintiff's counsel has delayed and impeded the Defendant's ability to conduct Plaintiff's deposition." (*Id*. at 2). Judge Hoppe concluded: "Boiled down, this is a silly dispute brought about by Plaintiff's counsel's unprofessional conduct. Should such conduct continue, the Court will have to consider imposing sanctions." (*Id*.).

That warning did not mark a turning point. Thereafter, in *Haleem v. Quinones*, No. 5:17-cv-00003 (Oct. 15, 2018), the defendant asserted that plaintiff failed, for over two months, to

provide discovery responses or provided inadequate responses. (Dkt. 97 at 1).[4] Judge Hoppe observed that counsel's "failure to take any meaningful steps to gather responsive documents and make a timely discovery production shows an extreme lack of diligence" that "falls well below the minimum expected of attorneys who practice in this Court." (*Id*. at 1–2). A separate failure to obtain documents related to plaintiff's claims for damages from lost wages, "again show[ed] an extreme lack of diligence" on counsel's part. (*Id*. at 2).

And recently, in *Rogers v. Clarke*, No. 5:17-cv-70073 (Dec. 12, 2018), counsel filed non-sealed documents containing *over 50* unredacted personal identifiers (birth dates and social security numbers) of their incarcerated client, in violation of Rule 5.2 and the local rules. (Dkt. 86-7 at ECF 23–24, 158, 164–84; Dkt. 86-8 at ECF 22–23, 164–83; Dkt. 86-9 at ECF 168; Dkt. 86-10 at ECF 74–81).

\*     \*     \*

In sum, counsel lack the experience, diligence, and discipline necessary to competently represent the proposed class. "It is always unpleasant for a court to be critical of any members of the bar." *Grimes v. Pitney Bowes Inc.*, 100 F.R.D. 265, 271 (N.D. Ga. 1983). But an aversion to unpleasantness is no reason to overlook inadequate counsel. Too much is at stake. If a class was certified, the health—perhaps even survival—of absent inmates might turn on the outcome.

---

[4] To be fair, the order in *Haleem* singles out an attorney with Mr. Williams' and Mr. Tate's law firm, but does not name them. That is perhaps because the named attorney was the one who appeared on behalf of the plaintiff at the hearing. (No. 5:17-cv-00003, Dkt. 97 at 1).

In any event, both Mr. Williams and Mr. Tate were counsel of record for plaintiff in *Haleem* for *over a year* before Judge Hoppe's ruling. (No. 5:17-cv-00003, Dkts. 4, 43). Accordingly, both shared the responsibility for professionally and competently representing the plaintiff—including by exercising diligence in complying with discovery obligations. Judge Hoppe's order is thus evidence that they failed to do so.

The Court notes that Mr. Williams included an exhibit to his declaration setting out a motion for a telephonic hearing with attachments (various correspondence) he asserts show due diligence in the case before this Court. (*See* Dkt. 113, at ECF 236-311).

The motion for class certification will be denied. An appropriate order will issue. The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to counsel.

Entered this  29th  day of  April 2019.

*signature*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE