**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| TERRY A. RIGGLEMAN, | ) | |
| | ) | Civil Action No. 5:17-cv00063 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| HAROLD CLARKE, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

### *UNOPPOSED* MOTION TO PERMIT PLAINTIFF'S EXPERT, PAUL GAGLIO, M.D. TO TESTIFY AT TRIAL VIA VIDEO CONFERENCE

Plaintiff Terry Riggleman, through counsel, files this *Unopposed* Motion to Permit Plaintiff's Expert, Paul Gaglio to Testify at Trial via Video Conference.  In support of this motion, Plaintiff states the following:

1.  A bench trial is scheduled for Monday May 13, 2019 to Friday, May 17, 2019 at 255 West Main Street, Charlottesville, Virginia before the Honorable Judge Norman K. Moon (ECF 147).

2.  Defendants have agreed to cross-examine Dr. Gaglio by video conference at the bench trial, and therefore do not oppose this motion.

3.  Plaintiff's expert, Paul Gaglio, M.D., is on 24-hour call at his hospital in New York during the first four days of trial while 80% of

the liver specialists at his hospital are attending national

conferences. (See Exhibit 1, Declaration of Paul Gaglio.) As such,

Dr. Gaglio will not be able to attend the Charlottesville trial in

person until the morning of Friday, May 17. Id.

4.  Dr. Gaglio has made great efforts to make himself available to

conduct his testimony by video conference on Tuesday, May 14

from 2-5pm. Id.

5.  Due to the rigors of Dr. Gaglio's clinical schedule, Plaintiff

respectfully requests the Court permit Plaintiff's Expert, Paul

Gaglio, M.D. to testify at trial via video conference.

## LEGAL STANDARD

Rule 43 of the Federal Rules of Civil Procedure, subtitled "Taking

Testimony," provides as follows:

> **(a) In Open Court.** At trial, the witnesses' testimony must be taken in
> open court unless a federal statute, the Federal Rules of Evidence,
> these rules, or other rules adopted by the Supreme Court provide
> otherwise. For good cause in compelling circumstances and with
> appropriate safeguards, the court may permit testimony in open court
> by contemporaneous transmission from a different location.

The Advisory Committee Notes to the 1996 Amendments address Rule

43(a), advising that "mere inconvenience" is not sufficient to justify compelling

circumstances:

> Contemporaneous   transmission   of   testimony   from   a   different

> location is permitted only on showing good cause in compelling circumstances. . . . Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

The Advisory Committee notes to Fed.R.Civ.P. 43 also indicate that good cause and compelling circumstances are established with "relative ease" where the parties have agreed upon the transmission of testimony. Scott Timber, Inc. v. United States, 93 Fed. Cl. 498, 500 (2010) (citing Fed.R.Civ.P. 43(a) advisory committee note (1996 amend.)).

Importantly, as the Fourth Circuit has noted, remote testimony does not "preclude the respondent from confronting and conducting relevant cross-examination of the witnesses," so it does not offend due process considerations. United States v. Baker, 45 F.3d 837, 843-44 (4th Cir. 1995). Despite videoconferencing's deficiencies, courts in this circuit and elsewhere have approved or affirmed its use in the civil context. See generally Rusu v. INS, 296 F.3d 316 (4th Cir.2002) (asylum proceeding); United States v. Baker, 45 F.3d 837 (4th Cir.1995) (civil commitment hearing); Edwards v. Logan, 38 F.Supp.2d 463 (W.D.Va.1999) (civil rights action); see also In re Merck Prods. Liab. Litig., 439 F.Supp.2d 640, 642 (E.D.La.2006) (listing cases). These cases reflect a "consistent sensitivity to the utility of evolving technologies that may facilitate more efficient, convenient, and comfortable litigation practices." 9A Wright & Miller, Federal Practice & Procedure § 2414 (3d ed. 2008).

Courts have justified contemporaneous transmission by "good cause in compelling circumstances" due to the "very unique needs" for hospital doctors to be present with their patients. See, e.g., Sallenger v. City of Springfield, No. 03-3093, 2008 WL 2705442, at *1 (C.D. Ill. July 9, 2008) (stating, "[a]s an ICU physician, Dr. Sood's employment presents a very unique need for his presence at work. This fact, together with the lack of prejudice to the defense, constitute compelling circumstances such that the Court finds it appropriate to allow Dr. Sood to testify by video conference.")

Courts have also found justification due simply to travel inconvenience when the parties were located in different states. See, e.g., Beltran–Tirado v. INS, 213 F.3d 1179, 1186 (9th Cir.2000) (affirming use of telephonic testimony for hearing in California where witness was in Missouri);  Fed. Trade Comm'n v. Swedish Match N. Am., Inc., 197 F.R.D. 1, 2 (D.D.C.2000) (finding good cause for testimony by contemporaneous transmission—despite defendants' opposition—where a witness would otherwise have to travel from Oklahoma to Washington, D.C., for trial, and concluding that no party would be prejudiced because the witness "will testify through live video in open court, under oath," the opposing party "will have the opportunity to cross-examine the witness," and the court "will have ample opportunity to assess the credibility of [the witness]"); Scott Timber, 93 Fed.Cl. at 499–501 (approving use of videoconferencing for trial in

Washington, D.C., where witness was in Oregon).

## ARGUMENT AND CITATION OF AUTHORITY

### A. Good cause in compelling circumstances are shown in this unopposed motion

Foremost, Defendants do not oppose this Motion and have agreed to cross examine Dr. Gaglio by video conference at the bench trial of this case, and this Court should therefore find good cause and compelling circumstances with "relative ease"—particularly in light of the fact that this Court has had the benefit of Dr. Gaglio's in-person testimony to assess his credibility at Plaintiff's preliminary injunction hearing last year. See Scott Timber, Inc., 93 Fed. Cl. at 500; Swedish Match, 197 F.R.D. at 2 (stating, "there is no practical difference between live testimony and contemporaneous video transmission. . . . To prefer live testimony over testimony by contemporaneous video transmission is to prefer irrationally one means of securing the witness's testimony which is exactly equal to the other.").

Plaintiff seeks permission for Dr. Gaglio to testify by contemporaneous video transmission not because it would be "merely inconvenient" for Dr. Gaglio to travel from New York City to Charlottesville, Virginia to testify in person, but because Dr. Gaglio has clinical obligations to patients that cannot be changed. From May 13 through 16, eight of the ten liver specialists at Dr. Gaglio's hospital campus (Columbia University in New York) are attending conferences away

from their hospital campus. (See Exhibit 1, Declaration of Paul Gaglio.) During that time, Dr. Gaglio and one other colleague are the only liver specialists on his hospital campus to cover patients, and he will be on 24-hour call until May 16. Id. The earliest that Dr. Gaglio can testify in court *in person* is the morning of May 17. Id. Other doctors cannot cover for Dr. Gaglio during this time because Dr. Gaglio is actually covering for those doctors during that same time. Id. Here, Dr. Gaglio's circumstances are compelling and good cause is shown. See Swedish Match, 197 F.R.D. at 2; Scott Timber, Inc., 93 Fed. Cl. at 501; Sallenger, 2008 WL 2705442, at *1.

Furthermore, permitting Dr. Gaglio's testimony by video does not prejudice the Defendants, who have *agreed* to video conference testimony of Dr. Gaglio at Mr. Riggleman's trial. Defendants have cross-examined Dr. Gaglio in this case on two occasions already—one of those occasions was in person before this Court. In Scott Timber, the court found that "[a]mong other things, [the witness] previously appeared in person to testify at the trial of the liability phase of this case . . . and the court and the parties then had ample opportunity to evaluate her demeanor on the stand." Scott Timber, Inc., 93 Fed. Cl. at 501. The court also found it compelling that the witness's "further testimony by videoconferencing consequently will be linked with, and correlated to, that previously established foundation for her credibility as a witness." Id.

Here, Dr. Gaglio first appeared and testified in this Court in Plaintiff's Preliminary Injunction hearing on May 21, 2018, and Dr. Gaglio again offered testimony by video conference in his deposition on February 18, 2019. At the injunction hearing, this Court asked questions of Dr. Gaglio directly and had the opportunity to evaluate his demeanor on the stand. At the bench trial, Dr. Gaglio is expected to testify consistently with his deposition and his in-court testimony at the preliminary injunction hearing. By video conference testimony at the bench trial, Defendants (indeed, the same defense attorney) will still have the opportunity to cross-examine Dr. Gaglio, and the court "will have ample opportunity to assess the credibility" of Dr. Gaglio. <u>Swedish Match</u>, 197 F.R.D. at 2. For these reasons, Dr. Gaglio should be permitted to testify by video conference. <u>See</u> <u>Id</u>.; <u>Scott Timber, Inc.</u>, 93 Fed. Cl. at 501.

### B. Appropriate safeguards are afforded for the integrity of Dr. Gaglio's transmission

In addition to good cause, Rule 43(a) requires appropriate safeguards be used to ensure the integrity of testimony given by contemporaneous transmission from a remote location, including:

(1) Accurate identification of the witness;

(2) Protection against influence from persons present with the witness; and

(3) Accurate transmission.

Fed.R.Civ.P. 43 advisory committee note (1996 amend.).

By using video transmission, "[t]he ability of the fact finder to see and hear the witness is an essential safeguard in this regard." See, e.g., Thornton v. Snyder, 428 F.3d 690, 698–99 (7th Cir.2005). In addition, Plaintiff and Dr. Gaglio have secured the same conference room at Columbia University Hospital where Dr. Gaglio was deposed by video conference on February 18, 2019. (See Exhibit 1, Declaration of Paul Gaglio.) To further this Court's assurances that appropriate safeguards are taken, in order to provide further protection against any outside influence that could prejudice Dr. Gaglio's answers, Plaintiff agrees that no one other than Dr. Gaglio and a support technician be present in the conference room during his testimony. Further, Dr. Gaglio can be provided in advance with all the documentary exhibits that might be needed during his testimony, and he should not require the assistance of any person during his testimony. Plaintiff's request constitutes a reasonable safeguard appropriate for the circumstances. See Scott Timber, Inc., 93 Fed. Cl. at 501.

In order to ensure an accurate, seamless video conference at trial, Plaintiff requests a test run with the Court's technology team at a time that is convenient for the Court. Plaintiff and Dr. Gaglio have reserved the same conference room for Friday, May 10, 2019 from 3:00 pm to 4:00 pm, but another time can be arranged pursuant to the Court's schedule.

## CONCLUSION

For the reasons stated herein, Plaintiff requests this Court GRANT

Plaintiff's Unopposed Motion in its entirety.

Respectfully submitted this 7th day of May 2019,

/s/ MARIO B. WILLIAMS
Mario B. Williams (Va. # 91955)

/s/ ANDREW R. TATE
Andrew R. Tate (Ga. #518068)

**NEXUS DERECHOS HUMANOS ATTORNEYS, INC.**
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
(404) 254-0442/ (404) 935-9391 FAX
mwilliams@ndh-law.com
atate@ndh-law.com
*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a true and correct copy of the foregoing

*UNOPPOSED* MOTION TO PERMIT PLAINTIFF'S EXPERT, PAUL GAGLIO,

M.D. TO TESTIFY AT TRIAL VIA VIDEO CONFERENCE with the Clerk of

Court using the CM/ECF system which will automatically send email

notification of such filing to all counsel of record.


Respectfully submitted this 7th day of May 2019,

<u>/s/ MARIO B. WILLIAMS</u>
Mario B. Williams (Va. # 91955)

<u>/s/ ANDREW R. TATE</u>
Andrew R. Tate (Ga. #518068)

**NEXUS DERECHOS HUMANOS ATTORNEYS, INC.**
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
(404) 254-0442/ (404) 935-9391 FAX
mwilliams@ndh-law.com
atate@ndh-law.com
*Counsel for Plaintiff*