CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
5/9/2019
JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| TERRY A. RIGGLEMAN,<br><br>        *Plaintiff*,<br>v.<br>HAROLD CLARKE, *ET AL.*,<br><br>        *Defendants.* | CASE NO. 5:17-cv-00063<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

  Before the Court are the following matters: (1) Non-parties VCU Health System ("VCUHS") and Richard K. Sterling, M.D.'s Motion to Quash Witness Subpoenas and to Permit Previous Deposition Testimony to be Used at Trial (dkt. 153); (2) Non-parties VCUHS and Reena Cherian, N.P.'s Motion to Quash Witness Subpoenas and to Permit Previous Deposition Testimony to be Used at Trial (dkt. 155); (3) Defendants Harold Clarke's and Mark Amonette's Motion in Limine to Exclude Opinions and Testimony of Plaintiff's Expert Paul Gaglio, M.D. (dkt. 116); (4) Plaintiff's Unopposed Motion to Permit Plaintiff's Expert, Paul Gaglio, M.D. to Testify at Trial Via Video Conference (dkt. 162); and (5) Plaintiff's Motion for Temporary Stay of Proceedings (dkt. 160). Also before the Court are the parties' objections to each other's Rule 26(a)(3) Pretrial Disclosures (dkts. 148, 149). A hearing was held on these matters.

## I.  INTRODUCTION

  Plaintiff brings this action pursuant to 42 U.S.C. § 1983, requesting declaratory and injunctive relief (Count III) and attorneys' fees (Count IV) against Defendants in their official capacities. (Dkt. 1 (Complaint)). Plaintiff's claims for monetary damages against Defendants in their individual capacities have been dismissed. (Dkt. 142). Plaintiff's claims under the Virginia Constitution (Count II) have also been dismissed. (Dkt. 57). Plaintiff's Second Motion to Certify

Class has been denied and a bench trail on Plaintiff's claims for injunctive and declaratory relief is scheduled for May 13-17, 2019. (Dkts. 146, 147).

## II. ANALYSIS

### A. Motions to Quash Non-Party Witness Subpoenas

Both parties subpoenaed non-parties Richard K. Sterling, M.D., and Reena Cherian, N.P., to testify at trial. Both Dr. Sterling and Ms. Cherian moved to quash the subpoenas and to permit their respective previously taken deposition testimony to be used at trial, and for reasonable attorneys' fees associated with their motions to quash. (Dkts. 153, 155). Both Dr. Sterling and Ms. Cherian cited previously-scheduled patient bookings and the impact on patients and staff of cancelling appointments as grounds to quash the subpoenas. (Dkts. 154, 156).

At the hearing, Plaintiff's counsel initially stated that he was not entirely opposed to reading the deposition transcripts and that the day before he offered to read in those excerpts of Sterling and Cherian if the Defendants would agree to read in Dr. Gaglio's deposition transcript but noted that "They didn't want to do that." Plaintiff's counsel stated that he had not addressed that with counsel for Dr. Sterling and Ms. Cherian because the Defendants would not agree with what he was offering. Plaintiff's counsel then stated, however, that he agreed to read Dr. Sterling's testimony in at trial if that was the best way to go about it. Plaintiff's counsel expressed a concern that a particular exhibit used in Ms. Cherian's deposition was important to Plaintiff and that while Defendants had objected to its authenticity and foundation, Ms. Cherian authenticated it and laid the foundation in her deposition and that her deposition transcript could be used in the court. Defendants stated that they had no objection to using the depositions of Dr. Sterling and Ms. Cherian at trial.

At the hearing, counsel for VCUHS, Dr. Sterling, and Ms. Cherian, stated that she tried to resolve issues related to the subpoenas prior to filing the motions to quash. She stated that Defendants' counsel told her before she filed the motions to quash that they would agree to the use of deposition testimony. She stated, however, that the hearing was the first time she had heard from the Plaintiff's side that there might be an agreement to not have the witnesses appear live. She renewed the request in the motions to quash for the costs of bringing the motions before the Court. It appears that while Defendants communicated they were willing to use deposition testimony at trial in lieu of live testimony before the motions to quash were filed, Plaintiff did not. As recently as the day before the hearing, Plaintiff was trying to leverage the situation to get Defendants to agree to read Dr. Gaglio's deposition transcript. *See* Fed. R. Civ. P. 45(d)(1) (attorney responsible for issuing and serving subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena).

At the hearing, the Court stated that the non-parties' request for their reasonable attorneys' fees associated with the respective motions to quash will be taken under advisement. The Court, therefore, will grant the motions to quash and permit previous deposition testimony to be used at trial but will take the attorneys' fee request under advisement.

**B.     Defendants' Motion in Limine to Exclude Testimony of Plaintiff's Expert**

Defendants move to exclude the testimony of Plaintiff's expert, Paul Gaglio, M.D. (Dkt. 116). The Court has considered the parties' arguments and concludes that Dr. Gaglio should be allowed to testify at the bench trial. The Court concludes that most of the issues raised go to the weight of his testimony more than to the admissibility of it. The Court will deny Defendants' motion in limine to exclude the opinions and testimony of Dr. Gaglio but without prejudice to Defendants raising any specific objections when Dr. Gaglio testifies at trial.

**C.   Plaintiff's Motion for Plaintiff's Expert to Testify Via Video Conference**

Plaintiff moves to permit his expert, Paul Gaglio, M.D., to testify at trial via video conference. (Dkt. 162) At the hearing, Plaintiff's counsel explained that due to a miscommunication, Plaintiff's expert believed he was to testify the second week of what was originally scheduled to be a two-week trial. Plaintiff's counsel explained that Dr. Gaglio was covering for ten other specialists who are to attend a conference the week trial in this case is scheduled but Dr. Gaglio would be available to testify by video conference on the second day of trial. Defendants did not oppose Dr. Gaglio's appearance by video conference but did object to the use of his deposition transcript.

Although the bench trial will be rescheduled in conjunction with the Court's stay of proceedings as discussed below, the Court will grant the motion to permit Dr. Gaglio to testify via video conference in light of the parties' agreement and the circumstances faced by Dr. Gaglio. However, the proposal that excerpts from Dr. Gaglio's deposition be read will be denied.

**D.   Objections to Rule 26(a)(3) Disclosures**

Both parties objected to each other's April 22, 2019 Rule 26(a)(3) disclosures, at least in part. The resolution of the overwhelming majority of objections is best left to the bench trial. One objection, however, warrants consideration at this time. Defendant objected to all of Plaintiff's proposed witnesses because Plaintiff failed to include a summary of the witness's testimony as required by the Pretrial Order. (Dkt. 148 at 1). The day after Defendants filed their objections, Plaintiff filed Amended Rule 26(a)(3) Pretrial Disclosures, which included summaries. (Dkt. 150).

At the hearing, Plaintiff's counsel candidly admitted that the Pretrial Order provides that summaries should be exchanged and that the failure of Plaintiff's filing to do so was an oversight. Under the circumstances of this case, including the stay the Court will order and a lack of any

significant prejudice to Defendants, the Court views Plaintiff's Amended Rule 26(a)(3) Pretrial Disclosures as a sufficient remedy for the earlier omission.

**E.      Plaintiff's Motion to Stay All Proceedings**

Plaintiff has petitioned the Fourth Circuit for permission to appeal this Court's Order denying Plaintiff's Second Motion to Certify Class. (Dkts. 163, 164). Plaintiff's Petition is pursuant to Fed. R. Civ. P. 23(f), which provides, in relevant part, that "[a] court of appeals may permit an appeal from an order granting or denying class-action certification under" Rule 23. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders. Fed. R. Civ. P. 23(f). Plaintiff moves this Court to order a temporary stay of all proceedings in this action: (1) until the Fourth Circuit denies permission to appeal; or (2) until the conclusion of the appeal, should permission to appeal be granted. (Dkts. 160; 161 at 14). At the hearing, Defendants' counsel noted that Defendants did not want to have to go through a second trial regarding the relief sought by Plaintiff.

A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotations omitted). On its face, Rule 23(f) permits the district court to stay proceedings before it pending an appeal of its own order granting or, as in this case, denying class certification. The advisory committee notes to Rule 23 state that "[a] stay should be sought first from the trial court." Fed. R. Civ. P. 23, adv. comm. notes (1999 amendment). Thus, the fact that a party seeks immediate review of a certification decision the district court believed correct does not prevent the district court from entering a stay. Otherwise, there would be no reason for the district court to consider a motion to stay.

In this case, a limited stay until the Fourth Circuit determines whether to grant the petition for a Rule 23(f) appeal is appropriate. The advisory committee notes state that it "is expected that the courts of appeals will act quickly in making the preliminary determination whether to permit appeal." *Id.* Thus, if the Fourth Circuit determines not to allow an appeal, the stay will be of short duration. If the Fourth Circuit grants the petition, that decision may be viewed as supporting a stay because the Fourth Circuit considers the issues raised by the petitioner to warrant full briefing.

Further, the Court finds that Plaintiff would be injured absent a stay because he would be compelled to prepare for potentially two trials on the same injunctive relief but, more important, putative class members might be harmed should the trial proceed on behalf of Plaintiff only but an injunctive class later be certified. Further, Defendants will not be substantially harmed by a delay. To the contrary. As expressed by Defendants' counsel at the hearing, Defendants do not want to have to try the case twice, a possibility should the Court not grant a stay and the Fourth Circuit vacate the order denying Plaintiff's second motion for class certification. Finally, the public interest will be served by a stay. The potential of two trials in this case would be contrary to judicial economy. A limited stay will preserve judicial and party resources.

The Court, therefore, will grant Plaintiff's motion for temporary stay. As a result, the bench trial scheduled for May 13-17, 2019, in Charlottesville, Virginia, will be cancelled.

### III.   CONCLUSION

An Order consistent with this Memorandum Opinion will be entered.

The Clerk of the Court is directed to serve this Memorandum Opinion and the accompanying Order on all counsel of record, as well as on Meredith M. Haynes, appearing for Non-Parties VCU Health System, Richard K. Sterling, M.D., and Reena Cherian, N.P. (*see* dkt. 152).

**ENTERED** this ___9th___ day of May, 2019.

                                                NORMAN K. MOON
                                                SENIOR UNITED STATES DISTRICT JUDGE